```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

_____

JOSEPH FULTON, III,

      Plaintiff,

vs.                                            No. 04-2903-Ml/P

DAVE RAY,

      Defendant.

_____

ORDER DISMISSING COMPLAINT
AND
ORDER ASSESSING APPELLATE FILING FEE
_____

On December 14, 2004, plaintiff filed a collection of documents in response to the Court's order entered November 26, 2004, directing him to file an amended complaint. Plaintiff was advised if he had received his right-to-sue letter over ninety days before November 8, 2004, he must demonstrate good cause for extending the ninety-day statute of limitations through equitable tolling. The order also directed plaintiff to amend his complaint to sue the proper defendant, noting "the only proper defendant in an employment discrimination lawsuit by an employee of a federal agency is the person who is the head of that agency."

The collection of documents fails to comply with the Federal Rules of Civil Procedure or the local rules of court. Federal Rules of Civil Procedure 7, 8, and 10 require all documents filed with the Court to contain a caption, a short and plain statement of the court's jurisdiction, a short and plain statement of the claim,

and a demand for relief. Each averment is to be simple, concise, and direct. Paragraphs are to be numbered. Plaintiff has not met these requirements. Furthermore, plaintiff has not named the proper defendant.

Plaintiff has attached a copy of a receipt from the United States Postal Service which reveals that he placed his complaint in first class mail on November 5, 2004. He alleges that this receipt "show[s] that he did meet the deadline to file [his] claim." Pursuant to Fed. Rule Civ. P. 3, an action is commenced by filing a complaint with the court, not by depositing the complaint in first class mail. Although a complaint may be mailed to the Court, it is not "filed" until it is received by the Clerk. In any event, it is clear this Plaintiff simply miscalculated his ninety day deadline. The deadline expired on Thursday, November 4, 2004.

"Equitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989). A generalized claim of ignorance of the proper avenue for pursuing a Title VII remedy is not a basis for equitable tolling. Jackson v. Richards Medical Co., 961 F.2d 575, 579 (6th Cir. 1992). Plaintiff's allegations are insufficient to demonstrate good cause for his late filed complaint. Furthermore, he has failed to comply with the Court's order directing him to name the proper defendant and has failed to even file a proper amended complaint.

"Even uncounseled litigants must act within the time provided by statutes and rules." Truitt v. County of Wayne, 148 F.3d 644, 647 (6th Cir. 1998)(quoting Williams-Guice v. Board of Educ., 45 F.3d 161, 164 (7th Cir. 1995)). The Sixth Circuit has upheld the dismissal of similar actions where the plaintiff filed his complaint ninety-one (91) days after receipt of his right to sue letter. See Peete v. American Standard Graphic, 885 F.2d 331 (6th Cir. 1989). Plaintiff's claims arising from that administrative proceeding are barred. Banks v. Rockwell International North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988); Hunter v. Stephenson Roofing Co., 790 F.2d 472, 474 (6th Cir. 1986).

Accordingly, this complaint fails to state a claim on which relief can be granted. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the complaint fails to state a claim for relief, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1

3

(2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous. It is therefore certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of

---

[1] The fee for docketing an appeal is $250.  <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of <u>Houston v. Lack</u>, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. <u>McGore</u>, 114 F.3d at 610.

4

the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  <u>McGore</u>, 114 F.3d at 610.

    IT IS SO ORDERED this 17th day of January, 2006.

                        <u>/s/ Jon P. McCalla</u>
                        JON PHIPPS MCCALLA
                        UNITED STATES DISTRICT JUDGE